IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDUARDO M. GARCIA, <br> TDCJ No. 1864046, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § | No. 3:21-cv-294-L-BN |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Eduardo M. Garcia, a Texas prisoner, convicted in Dallas County, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision to deny him release to mandatory supervision and, more broadly, Texas's mandatory supervision scheme, arguing that it denies indigent prisoners due process and equal protection. *See* Dkt. No. 3. Garcia also moves for leave to proceed *in forma pauperis* (IFP) and attaches to his IFP motion a notarized certificate of trust account (CTA). *See* Dkt. No. 4.

United States District Judge Sam A. Lindsay referred Garcia's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the IFP motion [Dkt. No. 4]; order that Garcia pay the filing fee; and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey an order of the Court.

The CTA reflects that, as of February 2, 2021, Garcia's six-month average balance was $45 and the average amount deposited monthly into his account over the prior six months was $75. *See* Dkt. No. 4 at 3.

28 U.S.C. § 1915(a) sets forth the standards governing IFP motions. A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." *Id.* The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is just $5, even though Garcia is incarcerated, and his current account balance is less than that, the financial information reflected in the CTA – the $450 deposited into his account over the prior six months – reflects that he can afford to pay that filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed IFP if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

The Court should deny Petitioner Eduardo M. Garcia leave to proceed *in forma pauperis*, *see* Dkt. No. 4, and order that he pay the $5 filing fee within 21 days of any

order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE